**IN THE UNITED STATES DISTRICT COURT**
**OF DELAWARE**

| | |
|---|---|
| CARLTON HARRY<br>117 W 18th Street<br>Wilmington, DE 19802<br><br>Plaintiff,<br><br>v.<br><br>PHILLIPS and COHEN ASSOCIATES, LTD<br>1002 Justison Street<br>Wilmington, DE 19801<br><br>Defendant. | CIVIL ACTION COMPLAINT<br>No.<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff Carlton Harry (hereinafter "Plaintiff") hereby complains as follows against Phillips and Cohen Associates, Ltd. (hereinafter "Defendant").

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA") and the Persons with Disabilities Employment Protections Act ("PDEPA").

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA and the FMLA. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a Delaware entity that does business at the captioned address.

8. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. In or around June 2008, Defendant hired Plaintiff as a Collector.

11. On or around August 11, 2015, Plaintiff was involved in a motor vehicle accident.

12. Following the accident Plaintiff went to the hospital to be treated for severe back pain and numbness throughout his left leg.

13. Plaintiff was diagnosed with Sciatica (hereinafter "disability").

14. Plaintiff was required to take a medical leave of absence from work.

15. Plaintiff began a medical leave of absence on or around August 11, 2015 and on or around September 4, 2015, Plaintiff returned to work.

16. Upon his return to work, Plaintiff requested Defendant modify his schedule from full-time to part-time, as an accommodation for his disability, as Plaintiff was still in pain from the accident.

17. Defendant, however, told Plaintiff that his request was denied because they did not want Collectors to work part-time.

18. Plaintiff required weekly physical therapy for his disability.

19. Plaintiff gave Defendant advanced notice when he had to show up to work late or leave work early for physical therapy, and also provided doctors' notes.

20. In or around April 2016, Plaintiff required FMLA to have emergency back surgery related to his disability.

21. On or around July 18, 2016, Plaintiff returned to work without restrictions.

22. On or around August 16, 2016, Defendant's management team called Plaintiff into a meeting and asked Plaintiff if he had spoken negatively about the company while he was on the sales floor; Plaintiff stated he had not.

23. At the end of the meeting, Operations Manager, Mr. Saperstein asked about Plaintiff's car accident and how the surgery went.

24. Plaintiff responded that he was still a little stiff and in pain, but that the surgery went well.

25. Mr. Saperstein then stated that there was a lot of money in accidents such as the one Plaintiff was involved in.

26. On or around August 18, 2016, Defendant's Director of Human Resources, Curtis Vincent, along with GM Molton and Bryan, fired Plaintiff.

27. Plaintiff asked why he was being fired.

28. Mr. Vincent stated that it was a "collective decision" and that "he [Plaintiff] had to be let go."; GM Molton and Bryan, however, refused to give Plaintiff a reason for the firing.

29. Defendant fired Plaintiff due to his disability and/or his perceived disability and/or in retaliation for his taking protected medical leave and/or in retaliation for his requesting a reasonable accommodation.

## COUNT I
## Violations of the Americans with Disabilities Act ("ADA")
(Disability Discrimination)

30. The foregoing paragraphs are incorporated herein as if set forth in full.

31. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

32. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

33. The ADA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

34. Discrimination against an employee because he has a disability constitutes disability discrimination under the ADA.

35. Defendant violated Plaintiff's rights under the ADA by firing Plaintiff because he has a disability.

36. As a result Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violations of the ADA
### (Failure to Accommodate)

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. Plaintiff requested reasonable accommodations from Defendant in that he sought a modified work schedule (medical leave of absence plus time off from work for physical therapy).

39. Defendant could have granted Plaintiff aforementioned accommodation without undue hardship but failed to do so.

40. Defendant violated the ADA when it failed to provide reasonable accommodations for Plaintiff's disability.

41. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
### Violations of the ADA
### (Retaliation)

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. Plaintiff reasonable accommodations from Defendant in that he sought a modified work schedule (medical leave of absence plus time off from work for physical therapy).Requesting an accommodation for a disability is a protected activity under the ADA.

44. Defendant fired Plaintiff because Plaintiff requested accommodations for his disabilities.

45. Defendant violated the ADA when it fired Plaintiff because he requested accommodations

46. As, a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
### Violations of the Family Medical Leave Act ("FMLA")
**(Interference)**

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. Plaintiff was an eligible employee under the definitional terms of the FMLA.

49. At all times relevant hereto, Plaintiff was employed with Defendant for at least twelve (12) months.

50. Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of his medical leave of absence.

51. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for twenty (20) or more calendar workweeks in the current proceeding, or preceding calendar year.

52. Plaintiff required time off from work due to his disability.

53. Plaintiff's disability constituted a serious health condition within the meaning of the FMLA.

54. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to interfere with Plaintiff's rights under the FMLA.

55. Defendant interfered with Plaintiff's FMLA rights by firing him for having taken leave that Defendant designated and/or should have designated and treated as FMLA protected leave.

56. Defendant interfered with Plaintiff's FMLA rights by firing him to prevent him from taking further FMLA leave.

57. As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

## COUNT V
## Violations of the FMLA
## (Retaliation)

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to retaliate against Plaintiff for exercising his rights under the FMLA.

60. Defendant retaliated against Plaintiff by firing Plaintiff for taking and requesting FMLA-qualifying absences.

61. Defendant's retaliatory actions constitute unlawful acts under the FMLA.

62. Defendant's violation of the FMLA was both willful and intentional.

63. Defendant's unlawful conduct caused financial harm and other damage to Plaintiff.

## COUNT VI
## Violations of the Persons with Disabilities Employment Protections Act (PDEPA)
## (Disability/Perceived Discrimination)

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. At all times relevant herein, Plaintiff's disability rendered him an individual with a disability under the PDEPA.

66. Plaintiff was also perceived by Defendant to be suffering from a disability.

67. Plaintiff was terminated by Defendant because he suffered from a disability and/or because Defendant perceived him as being disabled.

68. Defendant's actions as aforesaid constitute violations of the PDEPA.

## COUNT VII
## Violations of the Persons with Disabilities Employment Protections Act (PDEPA)
**(Failure to Accommodate)**

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. At all times relevant herein, Plaintiff's Disability rendered him an individual with a disability under the PDEPA.

71. Plaintiff was also perceived by Defendant to be suffering from a disability.

72. Plaintiff was terminated by Defendant because he suffered from a disability and/or because Defendant's actions as aforesaid constitute violations of the PDEPA.

## COUNT V
## Violations of the PDEPA
**(Retaliation)**

73. The foregoing paragraphs are incorporated herein as if set forth in full.

74. Plaintiff requested reasonable accommodation in that the requested Defendant modify his schedule from full-time to part-time, and for occasional time off to attend physical therapy, to allow him to treat his disability.

75. Defendant could have granted Plaintiff this accommodation without undue hardship.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating against Plaintiff or anyone else on any basis forbidden by the ADA, the FMLA, and the PDEPA;

B. Defendant is to promulgate and adhere to a policy prohibiting disability-based discrimination;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

D. Plaintiff is to be awarded actual damages as well as damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate; and

E. Plaintiff is to be awarded punitive damages and liquidated damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future; and

F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

H. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**LAW OFFICE OF A. DALE BOWERS, P.A.**

/s/ A. Dale Bowers
A. Dale Bowers, Esquire, ID 3932
Michael B. Galbraith, ID 4860
Caren L. Sydnor, ID 6332
203 North Maryland Avenue
Wilmington, Delaware 19804

                                302-691-3786
                              302-691-3790 (FAX)
                              dale@bowerslegal.com

DATED: June 23, 2017

                        *Pro Hac Vice pending*
                        */s/ Richard S. Swartz*
                        **SWARTZ SWIDLER, LLC**
                        Richard S. Swartz, Esq.
                        1101 Kings Hwy N, Ste. 402
                        Cherry Hill NJ 08034
                        Ph: (856) 685-7420
                        Fax: (856) 685-7417
                        rswartz@swartz-legal.com

## **DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.